CINDY JO BATTEN, ADMINISTRATRIX OF THE ESTATE OF BILLY GENE BATTEN, DECEASED, PLAINTIFF V. BETTY LEE BATTEN, DEFENDANT

No. COA96-418

(Filed 18 March 1997)

**Descent and Distribution § 10 (NCI4th)— inheritance rights— separation agreement—divorce—remarriage**

The trial court committed reversible error by granting plaintiff's summary judgment motion that pursuant to a separation agreement defendant was not entitled to inherit real property from her deceased husband's estate where the two had entered into a separation agreement, divorced, and remarried. Under N.C.G.S. §§ 29-14(a)(2) and (b)(2), when defendant remarried the deceased, the subsequent remarriage negated the terms of the separation agreement.

**Am Jur 2d, Divorce and Separation §§ 680, 851, 882.**

**Remarriage as affecting right to appeal from divorce decree. 29 ALR3d 1167.**

**Effect of remarriage of spouses to each other on permanent alimony provisions in final divorce decree. 52 ALR3d 1334.**

**Effect of custody and support provisions upon remarriage of spouses to each other. 26 ALR4th 325.**

**BATTEN v. BATTEN**

[125 N.C. App. 685 (1997)]

Appeal by defendant from order entered 20 December 1995 by Judge William C. Gore, Jr. in Columbus County Superior Court. Heard in the Court of Appeals 8 January 1997.

*David S. Tedder for plaintiff-appellee.*

*Marvin J. Tedder for defendant-appellant.*

WALKER, Judge.

On 19 August 1983, defendant Betty Lee Batten married Billy Gene Batten, now deceased. The Battens separated on 19 September 1984 and executed a deed of separation whereby each relinquished all rights of inheritance bestowed on them by virtue of their marriage. In accordance with the deed of separation, defendant quitclaimed to Mr. Batten her interest in all real property owned by him at the time of the separation in exchange for $3,000.00. The Battens were divorced on 20 February 1987.

On 31 December 1987, the Battens remarried and lived together as husband and wife until Mr. Batten's death on 4 May 1995. Mr. Batten died intestate survived by defendant and three daughters from a previous marriage.

On 14 November 1995, Cindy Jo Batten, one of Mr. Batten's daughters and the administratrix of his estate, filed a petition for a declaratory judgment seeking to determine defendant's inheritance rights. Defendant responded and asserted her rights as a surviving spouse pursuant to N.C. Gen. Stat. § 29-14(a)(2) and (b)(2) (1984). The trial court held that defendant was entitled to inherit from Mr. Batten's personal property, but was not entitled to inherit from his real property. The court concluded:

That the Deed of Separation in Book 359, page 624, Quitclaim Deed in Book 359, page 628, and receipt in Book 368, page 853, created a release and surrender by Betty Lee Batten of the real property of the decedent; that the deed she executed and recorded in Book 359, page 628 was made for a valuable consideration, was an "executed" provision and is valid and binding under G.S. 52-10 and the principles espoused in Tucci.

(T. at 29). Both parties appealed the trial court's decision.

On appeal, defendant argues that the trial court erred in determining that she is not entitled to inherit from Mr. Batten's real property. In addition, plaintiff argues that the trial court erred in deter-

mining that defendant is entitled to recover from Mr. Batten's personal property.

In its order, the trial court relied on the case of *In re Estate of Tucci*, 94 N.C. App. 428, 380 S.E.2d 782 (1989), *aff'd per curiam*, 326 N.C. 359, 388 S.E.2d 768 (1990), which plaintiff contends is controlling here. In that case, Mr. and Mrs. Tucci married in 1978 and separated in 1983. *Id.* at 429, 380 S.E.2d at 783. The Tuccis executed a "separation/property settlement agreement," whereby they released each other from the duty of support and from other rights arising by virtue of their marriage, including Mr. Tucci's right to inherit from his wife. *Id.* at 430, 380 S.E.2d at 783. The agreement also provided that "should at any time in the future the parties resume marital cohabitation in any respect that the provisions of the Separation Agreement and Property Settlement are and shall remain valid and fully enforceable, and of full legal force and effect." *Id.* In December of 1983, the Tuccis reconciled and cohabited until September 1985. *Id.* Thereafter, the couple entered a consent judgment for divorce from bed and board, which was subsequently set aside as void. *Id.*

In March of 1986, Mrs. Tucci died. *Id.* After her will was probated, Mr. Tucci filed a notice of dissent. *Id.* The clerk of superior court concluded that the Tuccis' reconciliation rescinded the terms of the separation agreement, and that because Mr. Tucci's right to dissent was executory, he could lawfully dissent from Mrs. Tucci's will. *Id.* at 431-32, 380 S.E.2d at 784. The trial court affirmed the clerk's order. *Id.* at 432, 380 S.E.2d at 784.

Mrs. Tucci's estate appealed and this Court held that the Tucci's reconciliation did not rescind the separation agreement because the property settlement provisions of the agreement were not conditioned on the Tucci's continued separation. *Id.* at 437, 380 S.E.2d at 787. Because the agreement specifically stated that it was to remain in effect in the event that the Tuccis reconciled, and because there was no evidence of rescission of the agreement, Mr. Tucci was barred from dissenting from his wife's will. *Id.*

We find *Tucci* to be distinguishable from the present case. First, the Tucci's agreement specifically stated that it was to remain in force in the event that the Tuccis reconciled. Here, there is no such provision in the agreement or any other evidence indicating an intent for the agreement to remain in force in the event that the Battens reconciled. In addition, the Tuccis never divorced, they simply separated for a period of time and subsequently resumed cohabitation. In our

case, the Battens divorced and then remarried, creating a new marriage contract and legal status. Therefore, *Tucci* is inapplicable to the facts of the present case.

Notwithstanding the fact that the Battens entered into a separation agreement during their first marriage, upon their subsequent remarriage, the provisions of the agreement were no longer effective. Unless there is evidence to the contrary, when a married couple enters into a separation agreement, later divorces, and then remarries, each party to the marriage regains all rights and privileges incident to marriage. Since there is no evidence that the Battens intended for the separation agreement to remain in effect in the event that they reconciled or remarried, defendant obtained the rights of a surviving spouse under N.C. Gen. Stat. § 29-14(a)(2) and (b)(2) when she remarried Mr. Batten and is entitled to inherit from his real property. It follows as a matter of law that if the Battens' subsequent remarriage negated the terms of the separation agreement regarding Mr. Batten's real property, their remarriage also negated the terms regarding his personal property. Thus, the trial court erred when it concluded that defendant was not entitled to inherit from Mr. Batten's real property.

Reversed and remanded.

Judges LEWIS and MARTIN, Mark D. concur.